IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD RATLIFF,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-3373 |
| | : | |
| **DETECTIVE MICHAEL GETTLER,** *et al.* | : | |
|     **Defendants.** | : | |

**MEMORANDUM**

**MCHUGH, J.**                                                                                                          **SEPTEMBER 14, 2023**

       Edward Ratliff, a prisoner housed at SCI Rockview following his conviction in Montgomery County, Pennsylvania on various firearms charges, filed this civil rights action pursuant to 42 U.S.C. § 1983 asserting constitutional claims against Trenton, New Jersey Police Detective Michael Gettler and the Trenton Police Department. For the following reasons, on statutory screening pursuant to 28 U.S.C. § 1915A, the Complaint is dismissed with prejudice.

**I.**       **FACTUAL ALLEGATIONS**[1]

       Mr. Ratliff alleges that on September 11, 2021, Detective Gettler responded to a service call at 245 Hamilton Avenue in Trenton for a report of a female arguing with a group of males, one of whom had a handgun. (Compl. at 12.) When he arrived, Gettler allegedly secured the weapon. Ratliff states it is unknown after that point whether there were any arrests, what reports were made, whether the gun was submitted for DNA analysis, or submitted to the New Jersey gun lab. (*Id.*) He alleges that each of these steps "is N.J protocol on a firearm." (*Id.*)

---

[1] The facts set forth in this Memorandum are taken from Ratliff's Complaint (ECF No. 1) and publicly available records, which the Court may consider when conducting a screening under § 1915A. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

Ratliff asserts that during his criminal trial in Montgomery County on firearms charges, Gettler testified on behalf of the Commonwealth. (*Id*.) He was allegedly asked by the prosecutor if Ratliff or his family had anything to do with the firearm, and he answered no. (*Id*.) He also denied knowing what happened to the firearm. (*Id*.) Ratliff asserts that "Due Process of the Law was not followed for the processing of the firearm, nor were the reports generated about the firearm to the Trial Court which violated my Due Process of the Law." (*Id*.) Ratliff also alleges that Gettler committed perjury when he denied knowing anything about the firearm. (*Id*.) As relief on his claims, Ratliff seeks money damages, a declaration that he is innocent, and a temporary restraining order preventing retaliation against him or his family. (*Id*. at 5.)

A review of public records indicates that Ratliff was arrested by Montgomery County Detectives on April 30, 2021 on numerous charges of making materially false statements in the purchase of a firearms, conspiracy to make materially false statements, sales of firearms to ineligible transferees, and possession of firearms by a prohibited individual. *See Commonwealth v. Ratliff*, CP-46-CR-0004411-2021 (C.P. Montgomery) (listing offense date of January 22, 2021). Following a jury trial, Ratliff was convicted of the charges on November 14, 2022. *Id*. An appeal of the conviction remains pending. *Id*.

## II.    STANDARD OF REVIEW

Mr. Ratliff has paid the filing fee for this case. However, because he is a prisoner 28 U.S.C. § 1915A gives the Court the authority to screen his Complaint prior to service. *See Shane v. Fauver*, 213 F.3d 113, 116 n.2 (3d Cir. 2000) (recognizing that the district courts have the authority to screen a prisoner complaint pursuant to § 1915A(b)(1) even if the prisoner is not proceeding *in forma pauperis*). Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a

civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," *id.* § 1915A(b)(1), or that "seeks monetary relief from a defendant who is immune from such relief," *id.* § 1915A(b)(2).

Whether a complaint fails to state a claim under § 1915A(b)(1) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Neal v. Pa. Bd. of Prob. & Parole*, No. 96-7923, 1997 WL 338838, at *1 (E.D. Pa. June 19, 1997); *see also Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  Accordingly, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  As plaintiff is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III. DISCUSSION

Mr. Ratliff is asserting constitutional claims.  The vehicle by which constitutional claims may be asserted in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff

must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Claims Against the Trenton Police Department

Mr. Ratliff has named the Trenton Police Department as a Defendant. Following the decision in *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See e.g. Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Thompson v. State of N.J.*, No. 05-4420, 2005 WL 2406100, at *3 (D.N.J. Sept. 28, 2005) (holding that the Trenton Police Department is not a "person" subject to suit under 42 U.S.C. § 1983). Therefore, the Trenton Police Department is not a proper defendant in this case under Section 1983 and is dismissed with prejudice.

### B. Request for Declaratory Relief

In addition to money damages, Ratliff seeks a declaration that he is innocent of the state criminal charges associated with Gettler's testimony.[2] "[W]hen a state prisoner is challenging

---

[2] Ratliff also seeks injunctive relief in the form of a temporary restraining order to prevent any "retaliation against me or my family." (Compl. at 5.) Federal Rule of Civil Procedure 65 governs temporary restraining orders and preliminary injunctions. "The standards for a temporary restraining order are the same as those for a preliminary injunction." *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994). Preliminary injunctive relief "is not granted as a matter of right." *Kershner v. Mazurkiewicz*, 670 F.2d 440, 443 (3d Cir. 1982). Rather, a "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted

the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Jaffery v. Atl. Cnty. Prosecutor's Office*, 695 F. App'x 38, 41-42 (3d Cir. 2017) (*per curiam*) ("[T]o the extent Jaffery seeks dismissal of the charges against him as a result of constitutional violations, such relief is only available through a writ of habeas corpus."); *Duran v. Weeks*, 399 F. App'x 756, 759 (3d Cir. 2010) (*per curiam*) ("[T]o the extent that Duran is seeking dismissal of the charges against him as a result of constitutional violations, he is essentially asking for relief only available through habeas corpus.") This means that Ratliff cannot pursue his request for a declaration of innocence of his criminal charges in a civil rights action such as this one and, rather, must file a *habeas* petition if he seeks release on the basis that his confinement is unconstitutional. *See generally* 28 U.S.C. § 2241. Accordingly, Mr. Ratliff's request for a

---

unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (internal quotations omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008); *Fulton v. City of Philadelphia*, 922 F.3d 140, 152 (3d Cir. 2019). "The first two factors are prerequisites for a movant to prevail." *Holland v. Rosen*, 895 F.3d 272, 286 (3d Cir. 2018). "If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). "A plaintiff's failure to establish any element in its favor renders a preliminary injunction inappropriate." *Nutrasweet Co. v. Vit-Mar Enters.*, 176 F.3d 151, 153 (3d Cir. 1999). Additionally, if the request for injunctive relief centers on the ownership of money, any injury cannot plausibly be deemed to be irreparable. *See Tantopia Franchising Co., LLC v. W. Coast Tans of PA, LLC*, 918 F. Supp. 2d 407, 417 (E.D. Pa. 2013) ("Irreparable harm is injury that cannot adequately be compensated by monetary damages.").

Given that Ratliff's claims are subject to dismissal, he cannot meet his burden of demonstrating success on the merits. Also, because he asserts no facts to allege that he will suffer retaliation, making his claim entirely speculative, he cannot show he is likely to suffer irreparable harm in the absence of preliminary relief. Accordingly, the request for a temporary restraining order is denied.

declaration that he is innocent will be dismissed with prejudice. *See Garrett v. Murphy*, 17 F.4th 419, 430 (3d Cir. 2021) ("[W]henever a plaintiff pleads a violation of § 1983 and effectively seeks habeas relief, the plaintiff fails to state a § 1983 claim. Instead, the prisoner's only federal remedy is through a writ of habeas corpus after exhausting state remedies.").

### C.   Claims Against Defendant Gettler

Ratliff asserts claims for money damages based on his allegation that his due process rights were violated when New Jersey protocols for the processing of a firearm were not followed, and because Gettler committed perjury at Ratliff's trial when he allegedly denied knowing anything about the firearm. The Court understands Ratliff to be asserting a due process claim regarding the firearms evidence admitted in his trial, and a fabricated evidence claim regarding Gettler's allegedly perjured testimony.[3]

---

[3] In drafting his Complaint, Mr. Ratliff checked the boxes on the form he used indicating that he sought to name Gettler in his individual and official capacities. Ratliff appears not to have understood the implication of checking the official capacity box. Claims against municipal employees such as Gettler named in their official capacity are indistinguishable from claims against the governmental entity that employs the Defendant, here the City of Trenton, New Jersey. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* Because Ratliff does not attempt to allege an official capacity claim, *see Monell*, 436 U.S. at 694 (holding that, to state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation), the Court will liberally construe the Complaint to assert a claim against the Gettler in his individual capacity only. *See Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020) ("To determine whether a plaintiff sued state officials in their official capacity, we first look to the complaints and the course of proceedings." (quotations omitted)); *Coward v. City of Philadelphia*, No. 21-1619, 2021 WL 4169422, at *3 (E.D. Pa. Sept. 13, 2021) (permitting claim against defendant in his individual capacity to proceed event though "[plaintiff] did not check the box indicating a desire to sue [that defendant] in his individual capacity" where the allegations clearly sought relief based on the defendant's conduct).

1.  **Claim Based on Perjured Testimony**

Mr. Ratliff's civil rights claim against Gettler based on his allegedly perjured testimony at Ratliff's criminal trial fails to state a plausible claim under § 1983. Witnesses are entitled to absolute immunity from civil rights claims based on their testimony in court. *See Williams v. Hepting*, 844 F.2d 138, 141 (3d Cir. 1988) (stating that witness immunity is "firmly bottomed in public policy") citing *Briscoe v. LaHue*, 460 U.S. 325, 329-30 (1983) (holding that under absolute witness immunity a convicted defendant could not state a claim for damages under § 1983 against a police officer who had allegedly given perjured testimony at the defendant's criminal trial). Because Gettler is absolutely immune from the claim that he offered perjured testimony as a witness, the claim is dismissed with prejudice.

2.  **Claim Based on Failure to Follow Firearms Protocols**

Ratliff also asserts a civil rights claim against Gettler based on his involvement in securing a firearm recovered at 245 Hamilton Avenue, New Jersey. He bases his claim on his assertion that it is unknown whether or not New Jersey protocols on firearms were followed. This claim suffers several defects.

First, other than securing the firearm at the scene, Ratliff alleges no facts to suggest that Gettler was personally involved in following or not following the alleged post-confiscation protocols, such as conducting DNA and ballistics testing. "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). *See Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must

plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Second, the claim is speculative. Rather than assert facts about how Gettler may have violated his rights, Ratliff alleges only that it is unknown whether New Jersey gun protocols were followed. And most importantly, even if those state law protocols were not followed, a violation of a state law does not equate to a violation of a person's constitutional rights. *See Wyatt v. Dep't of Prob. & Parole*, No. 19-5460, 2020 WL 2307351, at *7 (E.D. Pa. May 8, 2020) ("[E]ven if this Court were to assume that the statute at issue was violated, a violation of state law generally does not equate to a federal constitutional violation."). For these reasons, the claim against Gettler based on the alleged failure to follow New Jersey firearms protocols for DNA and ballistics testing is dismissed with prejudice since any attempt at amendment would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-113 (3d Cir. 2002) (stating that leave to amend is not required "when amendment is inequitable or futile").

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss Ratliff's Complaint with prejudice. An appropriate Order follows.

**BY THE COURT:**

**/s/ Gerald Austin McHugh**
_____
**GERALD A. MCHUGH, J.**
