IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD RATLIFF,  :  
    Plaintiff,  : | |
| v.  : | CIVIL ACTION NO. 23-CV-3373 |
| DETECTIVE MICHAEL GETTLER, *et al.*  :  
    Defendants.  : | |

## MEMO/ORDER

In a Memorandum and Order filed on September 14, 2023 (ECF Nos. 5, 6), the Court dismissed with prejudice the Complaint filed by Edward Ratliff, a prisoner housed at SCI Rockview. The Court determined that his claim brought pursuant to 42 U.S.C. § 1983 against the Trenton Police Department was not plausible because the Trenton Police Department is not a "person" as defined in § 1983. His claim for declaratory relief actually sought relief in the nature of *habeas corpus* and was thus not relief that could be granted under § 1983, *see Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Finally (1) his claim against Detective Michael Gettler (1) based on Gettler's testimony as a witness was dismissed as barred by absolute witness immunity, *Williams v. Hepting*, 844 F.2d 138, 141 (3d Cir. 1988), and (2) his claim against Gettler based on an alleged failure to follow post-confiscation firearms protocols was dismissed as not plausible because Ratliff alleged no facts to suggest that Gettler was personally involved in this claim. *Ratliff v. Gettler*, No. 23-3373, 2023 WL 5985275 (E.D. Pa. Sept. 14, 2023). Ratliff did not appeal the dismissal of his case.

More than one year later, on October 4, 2024, Ratliff filed a motion purportedly pursuant to Federal Rule of Civil Procedure 15(a) seeking leave to file an amended complaint. Because

this case was dismissed with prejudice more than one year before Ratliff filed his motion, the motion will be construed as one pursuant to Rule 60(b)(6) for relief from the judgment.[1]

Rule 60(b)(6) permits a court to grant relief from a final judgment or order "for any other reason that justifies relief" other than the reasons listed elsewhere in Rule 60(b). Fed. R. Civ. P. 60(b)(6); *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014). Relief under Rule 60(b)(6) should be granted in only "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Cox*, 757 F.3d at 120 (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)); *see also Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005) (noting that relief under Rule 60(b)(6) demands a showing of "extraordinary circumstances").

---

[1] Federal Rule of Civil Procedure 60(b) provides as follows:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(c) in turn provides the timing within which a Rule 60(b) motion must be made: either within a year of the entry of order or judgment from which the motion seeks relief if the motion is made pursuant to Rule 60(b)(1), (2), or (3), or "within a reasonable time" if the motion is made under any other provision. Fed. R. Civ. P. 60(c).

Ratliff asserts in his Motion that he "seeks leave to cure any defects within his original complaint as justice requires in order to redress his right to seek the court[']s help for non-frivolous claims."  (ECF No. 7 at 1.)  He asserts "his belief [that] the facts in his complaint can be cured through an amended filing" (*id*. at 8), but does not state what allegations he seeks to plead.  This conclusory assertion is insufficient to assert relief under Rule 60(b)(6) and Ratliff otherwise fails to assert an extreme and unexpected hardship.[2]  *See Oat v. Sewer Enter., Ltd*., 584 F. App'x 36, 41 (3d Cir. 2014) ("Oat set forth only conclusory statements. . . .  Therefore, the District Court did not err, for Oat's "allegations do not nearly approach [the] demanding standard" set forth under Rule 60(b)." (quoting *United States Beggerly*, 524 U.S. 38, 47 (1998))).  Accordingly,

**AND NOW**, this 7th day of October, 2024, upon consideration of Plaintiff Edward Ratliff's Motion Seeking Leave to File an Amended Complaint (ECF No. 7), it is **ORDERED** that:

1. The Clerk is **DIRECTED** to reopen this case for purposes of adjudication of the Motion.
2. The Motion is **DENIED**.
3. The Clerk of Court is **DIRECTED** to close this case.

**BY THE COURT:**

**/s/ Gerald Austin McHugh**

**GERALD A. MCHUGH, J.**

---

[2] To the extent Ratliff may be asserting that an amended complaint is necessary to cure a mistake, inadvertence, surprise, or excusable neglect, or to present newly discovered evidence, or to assert fraud, misrepresentation, or misconduct, pursuant to Rule 60(b)(1)-(3), that request is untimely.