IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD RATLIFF,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     CIVIL ACTION NO. 23-CV-3373 |
| DETECTIVE MICHAEL GETTLER, *et al.*<br>    Defendants. | :<br>:<br>: |

### MEMORANDUM

**MCHUGH, J.**                                                                                      **NOVEMBER 21, 2024**

In a Memorandum and Order filed on September 14, 2023 (ECF Nos. 5, 6), the Court dismissed with prejudice the Complaint filed by Edward Ratliff, a prisoner housed at SCI Rockview. *Ratliff v. Gettler*, No. 23-3373, 2023 WL 5985275 (E.D. Pa. Sept. 14, 2023) ("*Ratliff I*"). On October 4, 2024, Ratliff filed a motion seeking leave to file an amended complaint. (ECF No. 7.) Because the case had been dismissed more than one year earlier and Ratliff did not attach a copy of a proposed amended complaint to the motion, the Court construed the motion as one seeking relief from judgement pursuant to Federal Rule of Civil Procedure 60(b), and determined in a Memorandum and Order filed on October 7, 2024, that Ratliff's conclusory assertions that he could cure any defects in his original Complaint through the filing of an amended complaint, without stating what allegations he sought to plead, were insufficient to assert relief under Rule 60(b)(6). *Ratliff v. Gettler*, No. 23-3373, 2024 WL 4437634 (E.D. Pa. Oct. 7, 2024) (*Ratliff II*").

Ratliff filed another Rule 60(b) motion on November 4, 2024 . (ECF No. 11.) In this pending motion, he asserts that he was under the impression that the Court received a letter/motion he filed on October 2, 2023 seeking reconsideration of the initial dismissal of his

claims, blames the mailroom at SCI Rockview for the problem, asserts that he suffers from mental health issues, and asserts that his claims have merit.  He asserts that the "undue delay at hand is outside of his control nor is it from his inaction, but [i]s a direct result [of] interference" by the prison or the United States Postal Service.  (ECF No. 11 at 3.)  Ratliff has attached a proposed amended complaint to his motion that was signed contemporaneous to the motion.  For the reasons that follow, the Court will grant the motion for Rule 60(b) relief, reopen this case for purposes of statutory screening of Ratliff's claims, and dismiss the case without prejudice.

I.      **PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS**[1]

In his Complaint filed on August 28, 2023, Ratliff named as Defendants Detective Michael Gettler and the Trenton Police Department.  He alleged that on September 11, 2021, Gettler responded to a service call at 245 Hamilton Avenue in Trenton for a report of a female arguing with a group of males, one of whom had a handgun.  (Compl. at 12.)  When he arrived, Gettler allegedly secured the weapon.  Ratliff stated that it was unknown after that point whether there were any arrests, what reports were made, whether the gun was submitted for DNA analysis, or submitted to the New Jersey gun lab.  (*Id*.)  He alleged that each of these steps "is N.J protocol on a firearm."  (*Id*.)  He also alleged that Gettler testified falsely during Ratliff's criminal trial in Montgomery County, Pennsylvania on firearms charges, when Gettler was asked by the prosecutor if Ratliff or his family had anything to do with the firearm, and he answered no.  (*Id*.)  Gettler also testified falsely when he denied knowing what happened to the firearm.

---

[1] The facts set forth in this Memorandum are taken from Ratliff's original Complaint (ECF No. 1), the pending motion and the attached Amended Complaint (ECF No. 11), as well as publicly available records, which the Court may consider when conducting a screening under § 1915A.  *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).  The Court adopts the pagination assigned to all of Ratliff's submissions by the CM/ECF docketing system.  In quoting his submissions, the Court will clean up punctuation and capitalization as needed.

(*Id*.) Ratliff asserted that "due process of the law was not followed for the processing of the firearm, nor were the reports generated about the firearm to the trial court which violated my due process of the law." (*Id*.) Ratliff sought money damages, a declaration that he is innocent, and a temporary restraining order preventing retaliation against him or his family. (*Id*. at 5.)

A review of public records at the time the Court issued *Ratliff I* indicated that Ratliff was arrested by Montgomery County Detectives on April 30, 2021 on numerous charges of making materially false statements in the purchase of a firearms, conspiracy to make materially false statements, sales of firearms to ineligible transferees, and possession of firearms by a prohibited individual. *See Commonwealth v. Ratliff*, MJ-38101-CR-0000129-2021 (M.C. Montgomery) (noting arrest warrant issued April 7, 2021, and listing arrest date and preliminary arraignment date of April 30, 2021), and *Commonwealth v. Ratliff*, CP-46-CR-0004411-2021 (C.P. Montgomery). Following a jury trial, Ratliff was convicted of the charges on November 14, 2022. *Id*. At the time the Court issued *Ratliff I*, an appeal of the conviction was pending. *Ratliff I*, 2023 WL 5985275, at *1. The docket currently reflects that the appeal still remains pending after counsel was granted leave to withdraw on December 13, 2023 and Ratliff was appointed new counsel on February 6, 2024.

In *Ratliff I*, the Court dismissed the claims against the Trenton Police Department because it is not a proper defendant in a § 1983 case. *Id*., 2023 WL 5985275, at *2 (citing *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality)); *Thompson v. State of N.J.*, No. 05-4420, 2005 WL 2406100, at *3 (D.N.J. Sept. 28, 2005) (holding that the Trenton Police Department is not a "person" subject to suit under 42 U.S.C. § 1983). Ratliff's request for a declaration that he is

3

innocent of his criminal charges was dismissed without prejudice because a litigant cannot receive that type of relief in a civil rights action but, rather, must file a *habeas* petition to seek release on the basis that his confinement is unconstitutional. *Id*. (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); 28 U.S.C. § 2241). The claim against Gettler based on his allegedly providing false testimony was dismissed because witnesses are entitled to absolute immunity from civil rights claims based on their testimony in court. *Id*. at *3 (citing *Williams v. Hepting*, 844 F.2d 138, 141 (3d Cir. 1988) (stating that witness immunity is "firmly bottomed in public policy") citing *Briscoe v. LaHue*, 460 U.S. 325, 329-30 (1983) (holding that under absolute witness immunity a convicted defendant could not state a claim for damages under § 1983 against a police officer who had allegedly given perjured testimony at the defendant's criminal trial)). Finally, the claim against Gettler based on a breach of protocol in the securing of the firearm recovered at 245 Hamilton Avenue, New Jersey was dismissed because Ratliff alleged no facts to suggest that Gettler was personally involved in following or not following the alleged post-confiscation protocols. *Id*. (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020)).

      The proposed Amended Complaint attached to Ratliff's motion names as Defendants Montgomery County, Assistant District Attorney Samantha Arena, Montgomery County Lt. Erick Echevarria, Montgomery County Detective David Jason Holtzman, and Gettler. According to Ratliff, he was arrested on April 22, 2021 by Gettler on a warrant issued in Pennsylvania. (Am. Compl. (ECF No. 11) at 8.) He was then extradited to Pennsylvania and arrested there on April 30, 2021. (*Id*.) Ratliff alleges that ADA Arena was involved in the investigation "working and performing as a detective to secure [Ratliff's] convictions." (*Id*. at 9.) He contends that Gettler knowingly falsified his compliance with a post-confiscation

firearms protocol, and "filed an official report falsely claiming actions when he failed to comply with them at the direction of" Echevarria, Holtzman and Arena. (*Id*.)  Specifically, Gettler falsified his recovery of a .22 caliber Glock 44 at their direction in order to satisfy the "physical element" – presumably possession – "of the false charges filed in Montgomery County."  (*Id*.) Ratliff claims that Gettler never located or obtained the weapon but, at the direction of Arena, falsely claimed he recovered it.  (*Id*.)  Echevarria, Holtzman, and Arena had come to Ratliff's home in New Jersey prior to his arrest on April 5, 2021 to question him about claims that there were stolen weapons in his home, and Arena threatened him that "she is investigating into my past life, and if I don't comply with her, my family . . . will regret it."  (*Id*.)  She then continued to contact him, as well as an unnamed codefendant, prior to the charges being filed.  (*Id*. at 9-10.)

      At Ratliff's trial Gettler allegedly testified falsely that he found the Glock, even though Ratliff contends that the weapon continues to be listed as unrecovered in a national database. (*Id*. at 10.)  Echevarria, Holtzman, and Arena conspired to create false evidence, files, and reports, and used threats as a form of intimidation against Ratliff and his codefendant.  (*Id*.) They maintained a policy or custom of using false records and files to threaten Ratliff to confess to crimes he did not commit, and maintained a custom of "threatening family by random traffic stops without issuing tickets to show use of force or power to obtain proffer offers."  (*Id*.)  This conduct, and Arena's continuing to call Ratliff, continued until Arena filed the charges in the criminal case.  (*Id*.)

      Ratliff reported this conduct in March 2021 to the Montgomery County Commissioners' Office, claiming he was being harassed by Arena, Holtzman, Echevarria, and Gettler, but the conduct continued.  (*Id*. at 11.)  Apparently, Ratliff met with Arena and Holtzman on August 5, 2021 for a proffer session, during which they "continued to threaten [him] when [he] told them

5

[he] had nothing to say to them, but they continued to press [him] while telling [him] if [he] agree[d] to there [sic] version of events, [he] will be let go." (*Id*.) Arena promised he would be released, and Arena and Holtzman ignored his request for counsel while they talked about this "off-the-record-proffer-agreement." (*Id*.)

Ratliff names Montgomery County in the Amended Complaint because it failed to train Arena, Holtzman, and Echevarria, who "have a record of abusing policy and procedures regarding investigations, coercion, and suggestions of false statement when a suspect or defendant invokes his right to remain silent." (*Id*.) He alleges that the individual Defendants violated his Fifth Amendment right to remain silent,[2] used "deliberate deception" to gain a false proffer letter prior to charges being filed in violation of Ratliff's due process rights, and conspired to use "improper tactics to obtain false evidence and file false reports involving firearms" in violation of his due process rights. (*Id*. at 11-12.) He seeks money damages.[3]

## II.   RULE 60 RELIEF

---

[2] Although Ratliff does not specifically so state, the Court assumes for purposes of statutory screening that his Fifth Amendment claim is based upon the use of his statements against him during his criminal proceedings.

[3] Ratliff also seeks a declaration that his rights were violated. This request is improper because declaratory relief is unavailable to adjudicate past conduct. *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (*per curiam*) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct."). A declaratory judgment is also not "meant simply to proclaim that one party is liable to another." *Corliss*, 200 F. App'x at 84 (*per curiam*); *see also Taggart v. Saltz*, No. 20-3574, 2021 WL 1191628, at *2 (3d Cir. Mar. 30, 2021) (*per curiam*) ("A declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm.").

Rule 60(b)(6) permits a court to grant relief from a final judgment or order "for any other reason that justifies relief" other than the reasons listed elsewhere in Rule 60(b).[4]  Fed. R. Civ. P. 60(b)(6); *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014).  Relief under Rule 60(b)(6) should be granted in only "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur."  *Cox*, 757 F.3d at 120 (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)); *see also Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005) (noting that relief under Rule 60(b)(6) demands a showing of "extraordinary circumstances").

In *Ratliff II*, the Court denied relief under Rule 60(b) because Ratliff failed to allege facts about how he could cure the defects he alleged to be present in the Court's decision dismissing his claims.  The Court found that his conclusory assertions were insufficient to assert relief under Rule 60(b)(6) and Ratliff otherwise failed to assert an extreme and unexpected hardship.  *Id.*, 2024 WL 4437634, at *2.  This decision was due, in part, to Ratliff's failure to attach to his

---

[4] Federal Rule of Civil Procedure 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Rule 60(c) in turn provides the timing within which a Rule 60(b) motion must be made:  either within a year of the entry of order or judgment from which the motion seeks relief if the motion is made pursuant to Rule 60(b)(1), (2), or (3), or "within a reasonable time" if the motion is made under any other provision.  Fed. R. Civ. P. 60(c).  The Court deems the motion, which raises arguments under the sixth clause of the Rule, to be timely filed.

motion a proposed amended complaint setting forth factual allegations to support his claims. As mentioned above, in his current motion Ratliff claims that on October 2, 2023 he submitted a letter seeking reconsideration of the initial dismissal of his claims, but blames the mailroom at SCI Rockview and his own mental health issues for the failure of the Court to receive it. (ECF No. 11 at 3.) Based on the judicial preference for adjudication of claims on their merits, *see Scarborough v. Eubanks*, 747 F.2d 871, 878 (3d Cir. 1984) ("As we have repeatedly stated, doubts should be resolved in favor of reaching a decision on the merits."), the Court will grant Ratliff relief under Rule 60(b), reopen this case, and screen his Amended Complaint.

### III. STANDARD OF REVIEW

Ratliff has paid the filing fee for this case. However, because he is a prisoner 28 U.S.C. § 1915A gives the Court the authority to screen his Amended Complaint prior to service. *See Shane v. Fauver*, 213 F.3d 113, 116 n.2 (3d Cir. 2000) (recognizing that the district courts have the authority to screen a prisoner complaint pursuant to § 1915A(b)(1) even if the prisoner is not proceeding *in forma pauperis*). Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," *id.* § 1915A(b)(1), or that "seeks monetary relief from a defendant who is immune from such relief," *id.* § 1915A(b)(2).

Whether a complaint fails to state a claim under § 1915A(b)(1) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Neal v. Pa. Bd. of Prob. & Parole*, No. 96-7923, 1997 WL 338838, at *1 (E.D. Pa. June 19,

1997); *see also Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Accordingly, the Court must determine whether the Amended Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## IV. DISCUSSION

Ratliff asserts constitutional claims for money damages[5] alleging that ADA Arena, Lt. Echevarria, Detective Holtzman, and Officer Gettler conspired to violate his due process rights by falsifying evidence and testimony used at his criminal trial, and that Arena, Echevarria, and Holtzman violated his Fifth Amendment right to remain silent when they conducted a proffer

---

[5] The vehicle by which constitutional claims may be asserted in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

session.[6] These claims for money damages are not plausible at this time due to the bar of *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the United States Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87 (internal citation and footnote omitted). "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Id.* at 487 (emphasis in original). "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* Claims barred by *Heck* become cognizable upon favorable termination of the challenged conviction/sentence, at which point, the claims accrue and the statute of limitations begins to run. *Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) ("[T]he statute of limitations begins to accrue when the termination of criminal proceedings becomes favorable; that is, when 'the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.'" (quoting *Heck*, 512 U.S. at 489)).

---

[6] To the extent that Ratliff reasserts a claim against Gettler based on his testimony about the firearm at Ratliff's trial, the Court has already dismissed that claim with prejudice on the basis of absolute witness immunity. *Ratliff I*, 2023 WL 5985275, at *3.

Ratliff's due process claim that the Defendants fabricated evidence is one of the types of claims that fall within the *Heck* bar. *See McDonough v. Smith*, 588 U.S. 109, 118 (2019) (holding that *Heck* applied to litigant's claims "asserting that fabricated evidence was used to pursue a criminal judgment"); *Spone v. Reiss*, No. 23-0147, 2024 WL 1120375, at *6 (E.D. Pa. Mar. 14, 2024) ("The *Heck* doctrine applies to fabricated evidence claims."). His claims based on a violation of his right to remain silent are also barred by *Heck*. *See Johnson v. Winstead*, 900 F.3d 428, 439 (7th Cir. 2018) (holding that *Heck* applied categorically to § 1983 Fifth Amendment claims, stating "we hold that *Heck's* rule of deferred accrual applies to § 1983 claims for violation of the Fifth Amendment right against self-incrimination. A claim of this kind seeks a civil remedy for a trial-based constitutional violation that results in wrongful conviction and imprisonment. Such a claim, if successful, necessarily implies the invalidity of the conviction and under *Heck* is neither cognizable nor accrues until the conviction has been overturned."); *Marchant v. Richardson*, No. 22-21, 2022 WL 1910245, at *7 (D. Idaho June 3, 2022) ("a Fifth Amendment claim that investigating officers violated *Miranda v. Arizona*, 384 U.S. 436 (1966) by failing to inform Plaintiff of his right to remain silent and to speak with an attorney [is a claim that calls] into question the validity of Plaintiff's criminal conviction and sentence" and is barred by *Heck*); *Zuegel v. Mountain View Police Dep't*, No. 17-3249, 2018 WL 1876948, at *7 (N.D. Cal. Apr. 19, 2018) ("the right to remain silent, the right to counsel, and the due process right not to be interrogated, [are barred] because Plaintiff could have challenged all of that conduct in motions to suppress during the criminal proceedings or can pursue it in habeas proceedings. These injuries are not independent of the arrest, and Plaintiff's recovery for damages on these claims would "necessarily imply the invalidity of his conviction or sentence." (quoting *Heck*, 512 U.S. at 487)); *Houston v. Lester*, No. 15-2447, 2015 WL 4720798, at *3

(S.D. Ohio Aug. 7, 2015), *report and recommendation adopted*, 2015 WL 5118363 (S.D. Ohio Sept. 1, 2015) ("The *Heck* doctrine also bars Plaintiff's claim that he was denied his Fifth Amendment right to remain silent").

Because success on the fabricated evidence and Fifth Amendment claims would necessarily impugn Ratliff's conviction on the firearms charges, they must be dismissed without prejudice. Because the underlying violation is barred by *Heck*, Ratliff's derivative claim against Montgomery County under *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) based on a failure to train theory, is also barred by *Heck*. *Munchinski v. Solomon*, Nos. 06-4093, 07-1345, 2007 WL 3121331, at *2 (3d Cir. Oct. 26, 2007) (holding that *Heck* bars consideration of municipal liability claims "to the extent they rely on the invalidity of [the plaintiff's] conviction"). Ratliff may reassert his claims in a new civil action if his convictions are ever reversed, expunged, invalidated, or impugned on appeal or by the grant of a writ of habeas corpus. *Curry*, 835 F.3d at 379.

An appropriate order will be entered separately dismissing this case without prejudice.

**BY THE COURT:**

**/s/ Gerald Austin McHugh**
**GERALD A. MCHUGH, J.**